UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT STEVEN COOLEY,

    Plaintiff,

v.                                        Case No: 6:18-cv-475-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER[1]

Plaintiff Scott Steven Cooley brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration, denying his claim for Supplemental Security Income Benefits under the Act. Upon review, the Commissioner's final decision in this case is affirmed.

## Background[2]

Plaintiff applied for benefits on July 23, 2014, alleging that he became disabled on January 26, 1997 (Tr. 199-207). He later amended his alleged onset date to his filing date, July 23, 2014 (Tr. 38). Plaintiff was thirty-three years old with a ninth-grade education, prior experience as a salesman at a car wash when he filed his application for benefits (Tr. 199, 40-41). He alleged disability due to limitations from anxiety disorder, depressive disorder, a history of polysubstance abuse, lumbar disc disease, thoracic disc disease, cervical disc disease, mild osteoarthritis of both hips, diabetes mellitus, attention

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge (Doc. 12).

[2] The information in this section is taken from the Joint Memorandum (Doc. 19).

deficit disorder, a history of a seizure disorder, internal derangement of the right shoulder, reactive airway disease, and neuropathy (Tr. 20).

Plaintiff's application was denied initially and on reconsideration (Tr. 105, 122). He requested and received a hearing before an administrative law judge ("ALJ") (Tr. 35-73, 138-140). On August 29, 2017, the ALJ found Plaintiff not disabled and issued an unfavorable decision (Tr. 12-34). On January 23, 2018, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's August 2017 opinion the final decision of the Commissioner. Plaintiff brings this action after exhausting his available administrative remedies.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of July 23, 2014 (Tr. 17). At step two, the ALJ determined that Plaintiff was severely impaired by anxiety disorder, depressive disorder, a history of

polysubstance abuse, lumbar disc disease, thoracic disc disease, cervical disc disease, mild osteoarthritis of both hips, diabetes mellitus, attention deficit disorder, a history of a seizure disorder, internal derangement of the right shoulder, reactive airway disease and neuropathy (20 C.F.R. 416.920(c)) (Tr. 17). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can lift, carry, push and pull five pounds frequently and ten pounds occasionally. The claimant can sit for six hours and stand or walk for two hours in an eight-hour workday with normal break. The claimant can occasionally operate hand controls with his right hand and operate foot controls with his bilateral lower extremities. The claimant can occasionally reach overhead with his right hand and can frequently use his right hand to handle, finger and feel. The claimant can occasionally climb ramps and stairs, but cannot climb ladders or scaffolds. The claimant must avoid all exposure to unprotected heights, moving mechanical parts, operation of a motor vehicle, or concentrated exposure to humidity, wetness, atmospheric conditions (dust, fumes and gasses) as well as extreme cold and extreme heat. The claimant is limited to performing simple tasks with simple work-related decisions. The claimant can occasionally interact with coworkers and supervisors, but cannot interact with the public. The claimant requires a sit or stand option that allows for a change of position at least every 30 minutes, which is a brief positional change lasting no more than three minutes at a time where the claimant remains at the workstation during the positional change.

(Tr. 19-20).

At step four, the ALJ determined that Plaintiff had no past relevant work (Tr. 28).[3]

---

[3] Plaintiff testified that he last worked at a car wash when he was seventeen years old (Tr. 41).

After applying the Medical-Vocational Guidelines as a framework for decision making and considering Plaintiff's RFC, a vocational expert's testimony, Plaintiff's age, education and work experience, the ALJ found, at step five, that Plaintiff could perform a significant number of jobs in the national economy (Tr. 28), and was therefore not under a disability at any time from his alleged onset date through the date of the decision (Tr. 28-29).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

At issue is whether the ALJ properly evaluated Plaintiff's alleged symptoms pursuant to Social Security Ruling SR 16-3p (March 28, 2016). Per the Ruling, the ALJ is to "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities ...." SSR 16-3p, 81 Fed. Reg. 14166, 14171. In making this determination, the ALJ is supposed to follow a two-step process: (1) first determine if the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and, if so (2) evaluate the intensity and persistence of the claimant's symptoms such as pain and determine the extent to which the claimant's symptoms limit his or her ability to perform work-related activities. Id. at 14167.

In considering the intensity, persistence, and limiting effects of the claimant's symptoms, the ALJ is to examine "the **entire case record**, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Id. at 14168 (emphasis added). The ALJ should consider whether the "individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." Id. at 14170. "However, we will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." Id. at 14169.

Importantly, the ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the claimant's symptoms. Id. at 14171.

Here, the ALJ applied the two-step analysis and found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 25). The ALJ said: "The severity of the symptoms and the alleged effect on function is not supported by the total medical and nonmedical evidence, including statements by the claimant and others, observations regarding activities of daily living, and alternations of usual behavior or habits." Id. The administrative decision discusses several examples of this evidence. (See Tr. 15-29).

Plaintiff contends that this finding is not consistent with the Ruling SR 16-3p because the daily activities he engaged in were basic, everyday activities which do not disqualify a claimant from disability, citing Lewis v. Callahan, 125 F. 3d 1436, 1441 (11th Cir. 1997). When the "improper" reliance on these activities is removed, Plaintiff argues, the ALJ's decision is based "solely upon objective medical evidence" and SR 16-3p cautions against discounting allegations "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged." (Doc. 19 at 19). Lastly, Plaintiff argues that the ALJ failed to consider a number of relevant factors such as the type, dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to alleviate pain or other symptoms and any other factors concerning

Plaintiff's functional limitations and restrictions due to pain or other symptoms. On review, these claims do not persuade.

It is not error for an ALJ, as here, to consider a claimant's activities in evaluating his claim. See 20 C.F.R. § 416.929(c)(3)(i); <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005); <u>Macia v. Bowen</u>, 829 F.2d 1009, 1012 (11th Cir. 1987). Plaintiff reported that he can do laundry, spends 17 hours a day watching television, uses his computer to play chess, spends time reading, and spends time with his son and his parents (Tr. 25-26, 57-58). The ALJ found that Plaintiff's daily activities "suggest a level of concentration inconsistent with a disabling level of pain. Such a description of the claimant's daily activities and capacity for social functioning suggest a greater capacity than that alleged by the claimant during the hearing testimony and that would preclude all sustained work activity." (Tr. 26). This analysis is not inconsistent with the SR 16-3p, which explicitly directs the adjudicator to consider the entirety of the evidence. See SSR 16-3p, 81 FED. REG. 14166, 14170 (explaining that the ALJ will consider whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms "are consistent with" the record as a whole). The ALJ properly considered Plaintiff's daily activities in evaluating his subjective complaints of disabling symptoms.[4]

It is also clear that the ALJ did not discount Plaintiff's alleged symptoms solely because of a lack of objective evidence. While the ALJ found that the medical evidence of record did not support Plaintiff's alleged disability and the administrative decision details substantial support for this conclusion,[5] the ALJ also considered nonmedical evidence

---

[4] Plaintiff's reliance on <u>Lewis v. Callahan</u> is misplaced. The activities at issue here are not "everyday activities of short duration, such as housework or fishing," <u>Lewis</u>, 125 F.3d at 1441, nor are they the sole reason given in support of the ALJ's findings.

[5] The ALJ noted minimal objective findings of disabling limitations, routine and conservative

including statements by Plaintiff and others, Plaintiff's reported daily activities, and the opinions of the consultative examiners (Tr. 26-27, 367-75, 377-79, 600-09, 611-15). The ALJ also evaluated the opinions of treating physicians, giving significant weight to the opinion of Dr. Miller (Tr. 27). As explained by the ALJ:

> Significant weight is given to the opinion of Dr. Miller, the claimant's treating physician (Ex. 9F/42). Dr. Miller opined that the claimant was causing shoulder dislocations himself, in order to obtain pain medication. Dr. Miller's opinion was based on his observations of the claimant at the time of examination. The claimant was agitated and urgently requesting pain medication. He had not followed up with an orthopedic exam as instructed during his previous visit. The claimant left against medical advice when he did not receive pain medication, stating that his shoulder was now fine. Dr. Miller's opinion is entitled to significant weight because he has a treating relationship with the claimant, his opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and his opinion is more consistent with the record as a whole.

(Tr. 27). All of the ALJ's findings are supported by the substantial evidence he cites. Consequently, no error is shown.

Finally, there is no support for Plaintiff's contention that the ALJ failed to consider other relevant factors such as the type, dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to alleviate pain or other symptoms and any other factors concerning Plaintiff's functional limitations and restrictions. The ALJ's decision reflects consideration of Plaintiff's medications (See, e.g., Tr. 25 - "the claimant reported he was doing well with medication compliance and had no side effects") and Plaintiff has failed to identify any other particular "factor" the ALJ failed to consider.

---

treatment, improvement on medications, and a documented history of drug seeking behavior and non-compliance (Tr. 19-28).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Miles, supra. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citations omitted). As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

## Conclusion

Upon consideration of the foregoing the Commissioner's final decision in this case is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record